By the Court.
The relators seek the original jurisdiction of this court, praying for a peremptory writ of mandamus commanding the respondent to appoint an administrator de bonis non with the will annexed of the estate of Lewis Voight, Sr., deceased.
The cause came on for hearing upon the petition and answer.
It appears that on February 9, 1920, the relators filed a motion in the probate court of Hamilton county for the appointment of an administrator de bonis non for the estate of Lewis Voight, Sr., and that on May 1, 1920, this motion was overruled.
From this brief statement of the facts it is at once evident that the prayer for a peremptory writ of mandamus to compel the appointment of an administrator de bonis non should be denied, for the reason that the relators have a full and adequate remedy by a proceeding in error.
In the case, recently reported by this court, State, ex rel. Voight, Jr., v. Lueders, Probate Judge, ante, *260 211, the facts therein disclosed that in the administration case No. 71,037 the probate court had ordered 50 shares of stock in The United States Wall Paper Company, devised to Lewis Voight, Jr., to be retained by the executrix of the estate as part of the assets thereof, subject to a charge of $5,163.50 found by the court to be due the estate for moneys loaned to Lewis'Voight, Jr., since September 1, 1907. It does not appear that this stock was ever judicially disposed of and accounted for by the executrix. This being true, since the executrix has since deceased, it is evident that the estate, so far as this stock is concerned, still remains unsettled and that an administrator de bonis non with the will annexed should have been appointed to succeed the executrix.
When the reported case was heard this court was, and is now, of the opinion that the 50 shares of stock, while subject to the charge decreed, were not only a part of the assets of the estate, but that, if not theretofore sold by judicial decree, Lewis Voight, Jr., was entitled to a credit of the true value of said stock in the hands of the executrix, together with dividends that may have been paid to her, if any, and that such should be applied in payment of the sum $5,163.50 and interest found due the estate from Lewis Voight, Jr.
However, for the reason stated, a peremptory writ of mandamus is denied.

Writ denied.

Nichols, C. J., Jones, Matthias, Johnson, Robinson and Merrell, JJ., concur.